## THE LEIDERHORN.

### (District Court, N. D. California. January 26, 1900.)

### No. 12,020.

1. SEAMEN—SUIT FOR WRONGFUL DISCHARGE.
   Evidence *held* not to sustain a libel by a seaman to recover wages, and damages on the ground of his wrongful discharge before the expiration of his term of service.
2. SAME—PART PERFORMANCE OF CONTRACT.
   A seaman who quits ship without legal cause, before expiration of time for which he shipped, is not entitled to recover as upon a quantum meruit for services rendered in part performance of his contract.

This was a suit by a seaman to recover wages, and damages for wrongful discharge.

Bert Schlesinger and George A. Curtis, for libelant*

Chas. A. Low, for respondent.

DE HAVEN, District Judge. On the 13th of August, 1899, the libelant shipped as a boatswain on the bark Leiderhorn for a voyage from Hamburg, Germany, to San Francisco, Cal., and return to Europe by way of various ports. The voyage was for a term of three years, and the libelant was to be paid for his services at the rate of four pounds per month. The libel alleges that while said bark was lying at San Francisco, on the 9th of January of the present year, the master, without any cause therefor, and against the will and consent of the libelant, "returned him on shore, and would not permit him to perform the remainder of the voyage * * * for which he signed." The libel further alleges that there is due to the libelant the sum of about $75 for services rendered on the voyage from Hamburg to San Francisco, and also the amount which he would have earned if he had been permitted to complete the three-years voyage; and a decree is asked for the recovery of the wages already earned, "and to accrue for the period of three years, and for costs." It will be observed that the particular ground upon which the libelant bases his right to recover in this action is that he has been unjustly discharged by the master. This allegation is not sustained by the evidence. On the contrary, it is shown that the libelant left the vessel on the 9th of January, 1900, because he was beaten in a fight which he had with the mate on that day. In my opinion, the great preponderance of the evidence points to the fact that in this matter the libelant was himself the aggressor; but, whether this is so or not, there is nothing in the evidence which would warrant a finding that, if the libelant should return to the ship, there would be any danger of his receiving bodily harm or improper treatment while on board, and in the discharge of the duties for which he shipped. The master has requested him to return to duty, and this he has refused to do. Upon these facts, the libelant is not entitled to recover. The libel will be dismissed; the claimant to recover costs.